UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

EUGENE DUNCAN AND ON BEHALF OF ALL
OTHER PERSONS SIMILARLY SITUATED,

Case No.: 19-cv-7170

Plaintiff,

-against-

**STIPULATION OF
DISMISSAL WITH
PREJUDICE**

QUOGUE CLUB MANAGEMENT,

Defendant.

-------------------------------------------------------------X

JAN 2 4 2020

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties in the above-captioned action, through the undersigned counsel, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice, with each party to bear its own fees and costs.

**IT IS FURTHER STIPULATED AND AGREED,** Defendant are committed to improving the accessibility of its Website: www.quogueclub.com as described in the Parties' confidential settlement agreement. By January 1, 2021, Defendant shall improve accessibility of the Website in accordance with Web Content Accessibility Guidelines ("WCAG") WCAG 2.0 Levels A and AA, and will also do the following:

(i) Identify and describe accessible features of the facility located at 47 Quogue Street, Quogue, New York 11950 (the "Property"), including the guest rooms offered through its Website to reasonably permit individuals with disabilities to assess independently whether the Property and guest rooms meets his or her accessibility needs by providing a description of the features of the Property's accessible features;

(ii) Confirm that the Property holds accessible rooms for reservation by guests with disabilities until all standard rooms of that class or type are sold; and

(iii) Ensure that accessible rooms can be reserved/booked online during the same hours and in the same manner as non-accessible rooms.

**IT IS FURTHER STIPULATED AND AGREED**, that, notwithstanding anything contained herein, the Website shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities. The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant. The Parties agree Defendant is not responsible for the accessibility of such Third-Party Content.

**IT IS FURTHER STIPULATED AND AGREED,** that notwithstanding anything contained herein, if the ADA is amended, if the Supreme Court or any U.S. Circuit Court of Appeals recognizes a standard for website accessibility, or if the DOJ promulgates a final ADA Title III regulation setting out a website accessibility standard from the present through January 1, 2021, Defendant will commence reasonable and necessary efforts to ensure legal compliance with such standards within the time frames set forth in the law, guidelines, or regulations.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts and facsimile signatures shall be deemed originals for the purpose of filing.

Dated: Woodbury, New York
January 14, 2020

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendant*

Jennifer E. Sherven, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

Dated: New York, New York
January 7, 2020

THE MARKS LAW FIRM, PC
*Attorneys for Plaintiff*

Bradly Marks, Esq.
175 Varick Street, 3rd Floor
New York, New York 10014
(646) 770-3775

SO ORDERED:

_____
1/23/20

4828-1644-7662, v. 1